Arthur F. JOSEPH, III,
Petitioner, Appellant,

v.

Michael V. FAIR, et al.,
Respondents, Appellees.

No. 84–1995.

United States Court of Appeals,
First Circuit.

Heard March 6, 1985.

Decided May 23, 1985.

Brownlow M. Speer, Boston, Mass., Committee for Public Counsel Services, on brief, for petitioner, appellant.

Paula J. DeGiacomo, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Frederick W. Riley, Asst. Atty. Gen., Chief, Crim. Bureau, and Barbara A.H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., Boston, Mass., were on brief, for respondents, appellees.

Before COFFIN and TORRUELLA, Circuit Judges, and RE,* Judge.

TORRUELLA, Circuit Judge.

Arthur F. Joseph (appellant) was convicted in state court on two counts of armed robbery in violation of Mass.Gen.Laws Ann. ch. 265, § 17. His conviction was affirmed by the Massachusetts Appeals Court. *Commonwealth v. Joseph,* 11 Mass.App. 879, 421 N.E.2d 105 (1981). Further appellate review was denied by the Massachusetts Supreme Judicial Court on July 15, 1981. Thereafter, Joseph petitioned for a writ of habeas corpus in the United States District Court for the District of Massachusetts. The district court denied relief and this appeal followed. The issues presented here are: (1) whether the evidence presented at trial was sufficient to find appellant guilty beyond a reasonable doubt of the robbery charged; and (2)

* Chief Judge, of the United States Court of International Trade, sitting by designation.

whether appellant was unconstitutionally deprived of his right to counsel. For the reasons discussed below, we affirm the district court's denial of the writ.

1. Appellant first contends that the evidence presented at trial was insufficient to convict him of the armed robbery charge.

■ The standard for reviewing habeas challenges contesting the sufficiency of the evidence was announced by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under *Jackson*, a state conviction must be reversed if, after viewing the evidence in the light most favorable to the prosecution, a court finds that no rational trier of fact could have found, beyond a reasonable doubt, sufficient evidence of the crime for which the defendant was convicted. *Id.* at 324, 99 S.Ct. at 2791. Applying this standard, we are persuaded that enough evidence was introduced at trial to demonstrate the petitioner's guilt beyond a reasonable doubt.

First, on November 25, 1978, two men robbed a store in Hyannis, Massachusetts and fled with approximately $300 in cash. One of the two robbers was wearing a green woolen ski mask with openings only at the eyes. The other robber, identified as codefendant Emolous Williams, was not masked and was carrying a shotgun. The height and build of Joseph substantially fit the description of the masked robber which witnesses to the robbery gave to the law enforcement authorities. Although those witnesses obviously were not able to identify the masked robber's face, the jury could have reasonably compared that robber's description with Joseph's physical appearance in finding that the petitioner was the masked robber alleged by the prosecution. *See United States v. Williams*, 559 F.2d 1243, 1249 (4th Cir.1977).

Second, thirty-three hours after the holdup Joseph was found and arrested along with Williams in a wooded area behind a motel. The petitioner was found to be in possession of a knife with a shiny curved blade and a green woolen ski mask which he admitted was his. The knife was identified by a witness as being similar to the one that had been observed in the hands of the masked robber. The woolen ski mask also was identified by witnesses as that used by the masked robber during the holdup. Thus, the jury could have reasonably relied on those items to link the petitioner to the armed robbery. *See Durns v. United States*, 562 F.2d 542, 548 (8th Cir.), *cert. denied*, 434 U.S. 959, 98 S.Ct. 490, 54 L.Ed.2d 319 (1977); *see also Caldwell v. United States*, 338 F.2d 385, 390 (8th Cir. 1964), *cert. denied*, 380 U.S. 984, 85 S.Ct. 1354, 14 L.Ed.2d 277 (1965).

Finally, at the time of his arrest Joseph was found to be in possession of five twelve-gauge shotgun shells. A twelve-gauge shotgun that matched the description given the police by witnesses to the robbery was also found thirty-four feet from the spot where the petitioner was arrested. The shotgun was loaded with one shell of the same make and gauge as those found on Joseph's person. Therefore, Joseph's link to the shotgun in question was close enough as to allow jurors to reasonably connect the petitioner to the commission of the offense. *See Durns v. United States, supra; see also United States v. Gandolfo*, 577 F.2d 955, 959 (5th Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979).

■ In short, taken as a whole, the evidence noted above supported a guilty verdict in the case at bar. The sufficiency of the evidence is essentially attacked on the ground that the proof offered by the Commonwealth was of a circumstantial nature. Circumstantial evidence, however, is entitled to the same weight as direct evidence. *See United States v. Chagra*, 669 F.2d 241, 257 (5th Cir.1982). Consequently, we agree with the district court's conclusion that the insufficiency of evidence claim did not justify granting a writ of habeas corpus.

2. The remaining issue is whether the petitioner was unconstitutionally deprived of his right to counsel.

Joseph had been originally sentenced on April 25, 1979 to a prison term of 30–50

years. A hearing at which the petitioner was represented by counsel was held by the trial court on July 13, 1979 on a motion to reduce the sentence imposed. The motion was taken under advisement by the trial court. Thereafter, on November 30, 1979, the trial court ordered the original sentence *decreased* by substituting a sentence of 20–30 years. Joseph was without counsel the day the reduced sentence was imposed. It is of this fact that the petitioner complains. The narrow issue presented here thus turns on whether under the circumstances noted above the petitioner's right to counsel was violated at the time his sentence was reduced.

 Defendants are entitled to effective representation by counsel at each critical stage of a criminal prosecution. *Kirby v. Illinois,* 406 U.S. 682, 690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). Sentencing has been held to be one such critical stage. *Mempa v. Rhay,* 389 U.S. 128, 133–34, 88 S.Ct. 254, 256, 19 L.Ed.2d 336 (1967). Among the various objectives served by assistance of counsel at the time of sentencing are the following: to marshall the facts, introduce evidence of mitigating circumstances, and, in general, to aid and assist the defendant to present his case as to the sentence to be imposed. *Id.* at 135, 88 S.Ct. at 257. A review of the record shows that those objectives were fulfilled in the instant case.

First, Joseph had been represented by counsel during the July 13, 1979 hearing. Second, both Joseph and his attorney addressed during the hearing relevant issues related to the requested reduction of the petitioner's sentence. Joseph told the trial court that it was the first time that he had ever been accused of armed robbery. He also informed the court that he had been employed in the construction industry as a mason. Joseph's counsel stated that he had reviewed the record, that the offense was the petitioner's first armed robbery conviction, and that the sentence should be reduced accordingly. The court then noted the petitioner's criminal history of 27 arrests, and stated its intention to take the

matter under advisement to give it some thought. Finally, before imposing on November 29, 1979 the reduced sentence of 20–30 years, the trial judge stated that he was acting on the basis of the petitioner's prior presentation of July 13, 1979. In sum, the reduced sentence imposed on November 29th was the result of a prior hearing at which the petitioner had been assisted by counsel.

 Consequently, even assuming, *arguendo,* that the Sixth Amendment's right to counsel attaches to state proceedings where reduced sentences are imposed, we cannot say the petitioner was unconstitutionally prejudiced by the absence of counsel at the time of his resentencing. *See, e.g., Bryant v. Moore,* 438 F.2d 1230 (1st Cir.1971).

In view of the foregoing, the petition for a writ of habeas corpus was properly denied.

*Affirmed.*