**UNITED STATES of America, Appellee,**

v.

**Yvette MOORE, Defendant, Appellant.**

**No. 85–1017.**

United States Court of Appeals,
First Circuit.

Argued March 5, 1986.
Decided May 9, 1986.

---

Douglas K. Sheff with whom Irving H. Sheff and Law Offices of Irving H. Sheff were on brief for defendant, appellant.

Gary C. Crossen, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., was on brief for appellee.

Before COFFIN and BREYER, Circuit Judges, and MALETZ,* Senior Judge.

COFFIN, Circuit Judge.

Appellant, Yvette Moore, challenges a district court's denial of suppression of evidence seized from her person and her apartment after a warrantless entry into her apartment by federal agents. Concluding that exigent circumstances justified the warrantless entry, we affirm the decision of the federal district court of Massachusetts.

I.

On April 30, 1984, Drug Enforcement Administration (DEA) agents engaged in an undercover operation in Boston, Massachusetts. Doud, one of the undercover agents, had a series of conversations during the day with a man named Hazzard, related to Hazzard's offer to sell Doud eight ounces of cocaine. At Hazzard's direction, Doud sat in his car outside an apartment building at 364 Riverway in Boston. Hazzard approached Doud's car on two occasions, indicating that his source for the cocaine, a woman, was nervous about making the delivery and that he needed additional time.

On Hazzard's third return to Doud's car, he was accompanied by a companion, Artis

* Of the United States Court of International Trade, sitting by designation.

Cooper, who displayed one half of the amount of cocaine arranged to be sold. Thirty minutes later, Hazzard and Cooper returned with the remainder of the cocaine. At that point, agents arrested the two men and seized a gun from Cooper. After being given *Miranda* warnings, Hazzard told the arresting agents that his source, "Yvette", was in apartment 15 of the 364 Riverway apartment building.

Given Hazzard's statements, Doud and his supervisor, John Hampe, concluded that there was a high risk that the source of the cocaine, Yvette, would flee or destroy evidence when Hazzard and Cooper failed to return promptly after consummating the cocaine sale. The agents therefore proceeded immediately to apartment 15, without first procuring a warrant. Upon entering the apartment, agent Hampe observed a woman, subsequently identified as appellant Yvette Moore, sitting in a bedroom off the main room. Upon entering the bedroom, the agents observed a triple beam balance scale and strainers located next to the appellant Moore. Moore was arrested and searched at the scene, and a quantity of white powder was seized from her person.

The district court held that the agents had probable cause to believe that appellant, Yvette Moore, was Hazzard's cocaine supplier, and that Moore, as well as seizable evidence, could be found in apartment 15. The court also held that the existence of exigent circumstances justified the agents' warrantless entry into the apartment. Because all evidence seized subsequent to the valid entry was either in plain view or seized incident to Moore's arrest, the court denied Moore's motion to suppress the evidence. Moore appeals, asserting that the warrantless entry violated her fourth amendment rights.

## II.

When reviewing pre-trial suppression rulings, we are bound on appeal by the district court's findings of fact unless those findings are clearly erroneous. *United States v. Baldacchino,* 762 F.2d 170, 175

(1st Cir.1985). Based on evidence presented at the suppression hearing, the district court found that the DEA agents had probable cause to search appellant's apartment. Probable cause exists when "given all the circumstances, there is a fair probability that contraband or evidence will be found in the place described". *United States v. White,* 766 F.2d 22, 25 (1st Cir.1985). In this case, there was ample evidence to support the finding of probable cause on the part of the trial court. Hazzard's repeated references to his female supplier, his emergence from 364 Riverway with cocaine on two occasions, and his post-arrest statement that his supplier, Yvette, was in apartment 15 of 364 Riverway was sufficient to support the agents' belief that Hazzard's cocaine supplier and other evidence would be found in apartment 15.

Even when supported by probable cause, warrantless entries into a person's home are *per se* unreasonable unless justified by exigent circumstances. *See Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); *Warden v. Hayden,* 387 U.S. 294, 298–300, 87 S.Ct. 1642, 1645–47, 18 L.Ed.2d 782 (1967). A number of courts, including our own, have held that such exigent circumstances exist when government agents reasonably believe that evidence will be destroyed or a suspect will flee if an immediate entry is not made. In *United States v. Edwards,* 602 F.2d 458, 467–69 (1st Cir.1979), we upheld a warrantless entry into a house, noting that the agents reasonably believed the suspect had become aware of government surveillance, and that the high risk of the suspect destroying evidence constituted exigent circumstances. In *United States v. Kunkler,* 679 F.2d 187, 191–92 (9th Cir. 1982), the court held that where it was reasonable for police officers to infer that the defendant was a suspected drug supplier, that the defendant was wary and cautious in his dealings, that he was expecting his dealer to return shortly, and that his expectant conduct upon dealer's delay indicated his suspicion that something had gone wrong, exigent circumstances justi-

fied a warrantless seizure of defendant's premises.

 The instant case is similar to the situations in *Edwards* and *Kunkler*. The agents knew that Hazzard's source, Yvette, was apprehensive about the cocaine sale, and had required Hazzard to make several trips to Doud's car before permitting him to appear with the entire delivery of cocaine. Because the sale and the arrests took place immediately outside the 364 Riverway apartment, the agents could reasonably believe that the failure of Hazzard and Cooper to return to the apartment promptly with the money could create a substantial risk that appellant would flee or destroy evidence. Under these exigent circumstances, the agents were justified in entering appellant's apartment without a warrant.

 Appellant argues that even if sufficient exigent circumstances existed to justify a warrantless entry into the apartment, the agents should have procured a warrant before they searched the apartment. Appellant is correct that, ordinarily, a warrant must be obtained in order to search an apartment that has been secured under exigent circumstances. *Kunkler*, 679 F.2d at 189 n. 1. In this case, however, that requirement is not applicable. Based on the facts presented at the pre-trial suppression hearing, the district court found that all of the evidence seized was either in plain view or seized incident to appellant's arrest. Seizure of items in plain view is proper when agents are in a place they are entitled to be. *See Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971). That requirement was met in this case because of the exigent circumstances. Similarly, evidence may be seized without a warrant when incident to a person's valid arrest. *See Chimel v. California*, 395 U.S. 752, 768, 89 S.Ct. 2034, 2042–43, 23 L.Ed.2d 685 (1969). We thus find no error in the district court's denial of appellant's motion to suppress the seized evidence.

*Affirmed.*