**UNITED STATES, Appellant,**

v.

**Robert W. RUSSELL and Kevin M. Russell, Defendants, Appellees.**

**No. 90–1333.**

United States Court of Appeals, First Circuit.

Heard Sept. 5, 1990.

Decided Nov. 26, 1990.

---

Stephen A. Higginson, Asst. U.S. Atty., Washington, D.C., with whom Wayne A. Budd, U.S. Atty., and Martin F. Murphy, Asst. U.S. Atty., Boston, Mass., were on brief, for appellant.

Maurice R. Flynn, III, Boston, Mass., by appointment of the Court, for defendant, appellee, Robert W. Russell.

John C. Doherty, Andover, Mass., on brief, for defendant, appellee, Kevin M. Russell.

Before BREYER, Chief Judge, VAN GRAAFEILAND,* Senior Circuit Judge, and SELYA, Circuit Judge.

VAN GRAAFEILAND, Circuit Judge.

The Government appeals from a pretrial suppression order of the United States District Court for the District of Massachusetts. For the reasons that follow, we reverse.

On November 6, 1989 Robert Russell and his brother, Kevin Russell, both of whom were convicted felons, were indicted by a federal grand jury for possessing firearms in violation of 18 U.S.C. § 922(g). Count I of the four count indictment charged both defendants with jointly possessing two handguns on June 30, 1989. Count II charged Robert with possession on July 14, 1989. Count III charged him with possession on August 14, 1989. Count IV charged Kevin with possession on October 1, 1989. Motions to suppress evidence of the firearms charged in each count were denied with respect to Counts II and III but were granted with respect to the gun charged in Count IV and one of the two guns charged in Count I.

## COUNT I

Shortly after midnight on the morning of June 30, 1989, a Massachusetts State

* Of the Second Circuit, sitting by designation.

Trooper stopped an automobile because its windshield was cracked and the window on the driver's side was smashed. Kevin Russell was the driver; Robert Russell was a passenger. Neither of them was the registered owner. In the routine process of checking identifications, the trooper discovered a revolver on the floor of the car. He arrested both brothers and placed them in the back seat of his car. Four days later, while the trooper was cleaning his car, he discovered another gun under the back seat.

Both brothers moved to suppress the evidence of the two guns on the ground that the original search and seizure on June 30 was unlawful and the discovery of the second gun was "fruit of the poisonous tree." The trooper testified at the hearing concerning the arrests and the finding of the guns. The substance of his testimony concerning the second gun was that there was no gun under the back seat of his cruiser prior to his arrests of the Russells and that no one had access to the back seat during the period between its occupancy by the Russells and the discovery of the second gun. The district court denied the motion with respect to the first gun but granted it with respect to the second gun on the *sua sponte* ground that "there [was] no evidence connecting that firearm with either of the defendants."

■ The district court gave no explanation for its suppression of evidence concerning the second gun other than that above quoted, and none is discernable from the defendants' motion papers, which argued for suppression only on a fruit of the poisonous tree basis. In our view, if the testimony of the trooper is accepted as true, his discovery of the second gun under the back seat of his cruiser is strongly probative of the Government's contention that the defendants put it there. Under appropriate circumstances, circumstantial evidence may be given the same weight as direct evidence. *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137–38, 99

L.Ed. 150 (1954); *Joseph v. Fair*, 763 F.2d 9, 10 (1st Cir.1985). We can only conclude, therefore, that the district court believed that the trooper's testimony lacked credibility. Counsel for the Russells obviously reached the same conclusion. Referring to the trooper, Kevin Russell's counsel argues that "although the District Court did not state in his [sic] order that he specifically disbelieved the witness (presumably out of kindness) there is ample support in the record to support his having not believed the witness." Brief of Kevin Russell at 5. The weakness in this argument is that it is the belief of the jury, not that of the judge, that is determinative on the issue of guilt. *See Burks v. United States*, 437 U.S. 1, 16–17, 98 S.Ct. 2141, 2149–50, 57 L.Ed.2d 1 (1978); *United States v. Barletta*, 652 F.2d 218, 219 (1st Cir.1981).

■ Although Fed.R.Evid. 104(a) provides that preliminary questions concerning the admissibility of evidence shall be determined by the court, this rule is not without its limits. Fed.R.Crim.P. 12(b) provides that any defense, objection or request "which is capable of determination without the trial of the general issue" may be raised before trial by motion. As a general rule, when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial. *United States v. Knox*, 396 U.S. 77, 83 & n. 7, 90 S.Ct. 363, 367 & n. 7, 24 L.Ed.2d 275 (1969); *see United States v. Mandujano*, 425 U.S. 564, 585 n. 1, 96 S.Ct. 1768, 1781 n. 1, 48 L.Ed.2d 212 (1976) (Brennan, J., concurring). This is particularly true where the question of fact is one involving credibility. *See Bowden v. McKenna*, 600 F.2d 282, 284–85 (1st Cir.), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979).

The trooper's testimony concerning his finding of the second gun clearly was relevant. "[I]t is universally recognized that evidence, to be relevant to an inquiry, need not conclusively prove the ultimate fact in

issue, but only have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *New Jersey v. T.L.O.*, 469 U.S. 325, 345, 105 S.Ct. 733, 744–45, 83 L.Ed.2d 720 (1985) (quoting Fed.R.Evid. 401); *see also Bowden v. McKenna, supra*, 600 F.2d at 284 & n. 8. We find no merit in appellees' contention that the admission of testimony concerning the second gun would be prejudicial. If by the word "prejudicial" appellees mean "detrimental" or "damaging", they are of course correct. Much of the Government's evidence in a criminal case is damaging to the defendant; that is why it is offered. Evidence should be precluded only where it is unfairly prejudicial. *See United States v. Devin*, 918 F.2d 280, 288 (1st Cir.1990).

In sum, we hold that the district court erred in precluding the Government from introducing evidence concerning the second gun.

### COUNT IV

■ During the time at issue herein, Kevin Russell's father was the owner of a house at 24 Granville Avenue in the City of Medford, Massachusetts. From time to time, Kevin had lived there. Serious differences arose between Kevin and his father, as a result of which the Somerville District Court issued an order on September 11, 1989 directing Kevin to refrain from abusing his father and to leave and remain away from the Granville Avenue house.

On October 1, 1989, while William Fargo, a Medford police officer, was on duty, he heard the police dispatcher direct another officer to proceed to 24 Granville Avenue because of a reported fight at that address. Fargo knew that the house was owned by Kevin Russell's father, and he also was familiar with Kevin Russell's criminal background. Accordingly, he called the officer to whom the direction had been given and told him to wait until Fargo "backed him up." Fargo told the officer: "You know, there are guns involved down there. He is a shooter." En route to the Granville address, Fargo was informed of the restraining order by the police dispatcher.

When Fargo arrived at the Russell house, Kevin's father told him that the father and Kevin had had an altercation, that Kevin had violated the restraining order, and that Kevin had broken into the house. Fargo immediately set out to find Kevin. When he found him, he took from him a tote bag that contained a loaded gun. Fargo then arrested Kevin for violating the restraining order and unlawfully possessing the gun.

Kevin moved to suppress evidence of the gun. At the suppression hearing, Kevin testified that he had not been served with a copy of the restraining order, and the district court so found. The district court then stated that "[i]n order for Kevin Russell to be lawfully arrested for violating a restraining order, the elements of a valid restraining order must exist." The district court concluded that "as a matter of law" Kevin's arrest was unlawful and the evidence of the gun seized by Fargo had to be suppressed. We disagree.

The First Circuit, in reviewing findings of probable cause, has often deferred to a district court's determination rather as if the finding in question were factual, subject to a "clearly erroneous" standard of review. *See, e.g., United States v. Wiseman*, 814 F.2d 826, 828 (1st Cir.1987); *United States v. Moore*, 790 F.2d 13, 15 (1st Cir.1986).[1] Nonetheless, this circuit

1. *Cf. United States v. Sophie*, 900 F.2d 1064, 1072 (7th Cir.), *cert. denied*, ─── U.S. ───, 111 S.Ct. 124, 112 L.Ed.2d 92 (1990); *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir.), *cert. denied*, ─── U.S. ───, 111 S.Ct. 109, 112 L.Ed.2d 79 (1990); *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir.1990); *United States v. Maragh*, 894 F.2d 415, 417–18 (D.C.Cir.), *cert. denied*, ─── U.S. ───, 111 S.Ct. 214, 112 L.Ed.2d 174 (1990); *United States v. McKinnell*, 888 F.2d 669, 672 (10th Cir.1989); *United States v. Campbell*, 843 F.2d 1089, 1092 (8th Cir.1988); *United States v.*

has also said that if a district court bases its ultimate factual finding on an erroneous legal principle, it will exercise a full power of review. *United States v. Cochrane*, 896 F.2d 635, 639–40 (1st Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990); *United States v. LaFrance*, 879 F.2d 1, 4 (1st Cir.1989).

Because the elements of probable cause have been summarized by this court on numerous occasions, *e.g., United States v. Jimenez*, 894 F.2d 1, 4–5 (1st Cir.1990); *United States v. Jorge*, 865 F.2d 6, 9 (1st Cir.1989), *cert. denied,* 490 U.S. 1027, 109 S.Ct. 1762, 104 L.Ed.2d 198 (1990), they need not be restated here. We emphasize only the constantly repeated admonition that the concept is based upon reasonable probabilities, not certainties, and that "[e]vidence required to establish guilt is not necessary." *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); *see also Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). It is quite apparent that the court below confused the issue of whether Kevin Russell violated the restraining order with the issue of whether Officer Fargo had probable cause to believe that he did. Accordingly, whether the district court's order is treated as clearly erroneous or simply erroneous, it cannot stand.

The order of the district court suppressing evidence of the second gun in Count I and the sole gun in Count IV is

*Reversed.*

Alexander, 835 F.2d 1406, 1408 (11th Cir.1988); United States v. Maybusher, 735 F.2d 366, 371 & n. 1 (9th Cir.1984), cert. denied, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985); United States v. Belle, 593 F.2d 487, 497 & n. 14 (3d Cir.), cert. denied, 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 277 (1979); Graves v. Estelle, 556 F.2d 743, 746 (5th Cir.1977).