995 F.2d 1061
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Vetter MOORE, Defendant, Appellant.
 No. 92-1546.
 United States Court of Appeals,
First Circuit.
 June 15, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Vetter Moore on brief pro se.
 A. John Pappalardo, United States Attorney, and Stephen A. Higginson, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Vetter G. Moore appeals pro se from his conviction and sentence. We affirm.
 
 Background
 
 2
 Appellant was arrested by Boston Police officers on September 15, 1991, for the unlawful possession of a handgun with an obliterated serial number, assault with intent to murder, and trafficking in a class B controlled substance. The events leading up to the arrest were as follows. Having received a report on September 15, 1991, at approximately 3:30 a.m., of the presence of a black male with a gun near One Trotter Court in Dorchester, Massachusetts, four Boston police officers proceeded to the scene on foot. When appellant saw the officers approaching, he ran. The officers pursued him. Appellant reached into his pocket, turned and raised a gun in the officers' direction. He then stumbled and dropped the gun. After trying and failing to retrieve the weapon, he fled. The officers pursued and eventually apprehended appellant. The officers retrieved from appellant over $1,500.00 in cash and 13.2 grams of cocaine. The gun which appellant had dropped was retrieved and found to be a fully loaded and operable semi-automatic pistol with an obliterated serial number.[1]
 
 
 3
 On November 5, 1991, appellant was indicted by a federal grand jury on the following charges: possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e); possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k); possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm while engaging in drug trafficking in violation of 18 U.S.C. § 924(c). The state prosecutor nolle prossed its charges upon return of the federal indictment.
 
 
 4
 After a four-day jury trial in Massachusetts District Court, at which appellant represented himself with the assistance of the Federal Public Defenders Office, appellant was convicted on all four counts. The district court sentenced him at the low end of the applicable sentencing guideline range ["GSR"], to 322 months in prison. The district court arrived at this sentence by accepting the presentence report's ["PSR" 's] recommended base offense level of 34 and criminal history category of VI, yielding a 322-to-327 month GSR. Appellant appeals from his conviction and sentence.
 
 Discussion
 
 5
 Appellant has filed numerous papers in connection with this appeal, including "Brief on the Merit," "Supplementary Brief in Support of Prior Brief on the Merit," "Defendant Amended Assignment of Errors Coram Vobis [sic] Supplementary Brief" and "Cross Supplementary Reply Brief of Statement of Ultimate Facts." As best we can distill from these less-than-clear documents, appellant has raised the following arguments on appeal: First, the district court erred in denying appellant's motions to dismiss the indictment on double jeopardy grounds, because it was based upon a "fraudulent state indictment" and because the federal indictment was "altered" in violation of 18 U.S.C. § 1506 in that it had no date on it.[2] Second, the district court erred in enhancing appellant's sentence based upon 18 U.S.C. § 924(e)(1) which requires three previous convictions for a violent felony or a serious drug offense. Third, there was a systematic exclusion of appellant's peers from the venire and the petit jury in violation of 18 U.S.C. § 243. Fourth, the trial court erred in denying appellant's motions for the suppression of evidence. Fifth, it was error to deny appellant's motion for acquittal. Finally, the district court judge was biased against him. We address each of appellant's arguments in turn.
 
 1. Denial of Motions to Dismiss Indictment
 
 6
 First, appellant appears to argue that the conviction and sentence violate the Double Jeopardy Clause of the Fifth Amendment. He cites Brown v. Ohio, 432 U.S. 161 (1977). In that opinion, the Supreme Court explained as follows:
 
 
 7
 The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."
 
 
 8
 432 U.S. at 165 (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). According to the PSR, the state charges were nolle prossed upon return of federal charges relating to the same criminal conduct. Given that there was no acquittal, conviction or punishment in state court, the federal prosecution did not violate the Double Jeopardy Clause.
 
 
 9
 Appellant's allegation that the indictment was merely a duplicate of a fraudulent state indictment appears to challenge the sufficiency of the evidence underlying the federal indictment.[3] The jury verdicts, however, deprive the motion for dismissal on this basis of any force. See United States v. Mechanik, 475 U.S. 66, 67 (1986) ("the petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted."); United States v. Valencia-Lucena, 925 F.2d 506, 511 (1st Cir. 1991) (petit jury verdict "acts as a cure for any error which may have resulted during grand jury proceedings").
 
 
 10
 Finally, appellant contends that the indictment was "altered" in violation of 18 U.S.C. § 1506, as evidenced by the absence of a date on the indictment.[4] The indictment is contained in the record and is, in fact, dated November 5, 1991 and signed by the Foreman of the Grand Jury, Assistant United States Attorney and Deputy Clerk. Appellant's argument has no basis in fact or in law.
 
 2. Enhancement of Sentence
 
 11
 Appellant argues that the district court erred in enhancing his sentence pursuant to 18 U.S.C. § 924(e). He states that the use of a twenty-year-old conviction to enhance his sentence violates the Sentencing Guidelines (U.S.S.G.). Appellant was convicted of violating 18 U.S.C. § 922(g) which prohibits possession of a firearm by a felon. Section 924(e)(1) provides, in relevant part, as follows:
 
 
 12
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years,....
 
 
 13
 U.S.S.G. § 4B1.4 implements 18 U.S.C. § 924(e). The commentary to § 4B1.4 specifically notes that "the time periods for the counting of prior sentences under § 4A1.2 (Definitions and Instructions for Computing Criminal History) [are not] applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)." Therefore, even assuming that appellant's sentence was enhanced based upon a twenty-year-old conviction and that such enhancement would be prohibited by § 4A1.2, the district court did not err in applying 18 U.S.C. 924(e).
 
 
 14
 Appellant also appears to argue that the enhancement of his sentence was erroneously based upon only the one prior felony on which the government relied in prosecuting him under 18 U.S.C. 922(g).[5] The PSR, however, listed more than the requisite three valid predicate violent felony convictions required for the application of 18 U.S.C. § 924(e). Appellant did not object to the inclusion of those felonies in the PSR. Therefore, we will not address that issue for the first time on appeal. See, e.g., United States v. Shattuck, 961 F.2d 1012, 1015 (1st Cir. 1992) ("[w]e do not review sentencing guideline disputes which were not preserved before the district court."). Appellant's objections to the application of 18 U.S.C. § 924(e) are completely unfounded.
 
 3. Exclusion of Blacks from Jury
 
 15
 Appellant contends that there was a systematic exclusion of his peers from the venire and the petit jury in violation of 18 U.S.C. § 243. At the time that appellant's jury was chosen, there were no blacks on the venire. The court noted that two blacks had been on the venire, but were previously chosen for another trial. Section 243 prohibits the exclusion of a grand or petit juror on the basis of race or color. The government did not exercise any peremptory challenges. Therefore, appellant cannot contend that peremptory challenges were used to systematically exclude black jurors from the jury that heard his case.
 
 
 16
 Section 243 is a criminal statute and it is not clear that the statute establishes any rights on behalf of a defendant. However, the "systematic exclusion of [blacks] during the jury selection process, resulting in jury venires not 'reasonably representative' of the community, denies a criminal defendant his right, under the Sixth and Fourteenth Amendments, to a petit jury selected from a fair cross section of the community." Duren v. Missouri, 439 U.S. 357, 358-59 (1979) (citing Taylor v. Louisiana, 419 U.S. 522 (1975)).
 
 
 17
 To establish a prima facie violation of the fair-cross section requirement, appellant would have to show the following:
 
 
 18
 1) that the group alleged to be excluded is a "distinctive" group in the community; 2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.
 
 
 19
 Duren v. Missouri, 439 U.S. at 364 (emphasis added); see also United States v. Aponte-Suarez, 905 F.2d 483, 492 (1st Cir.), cert. denied, 498 U.S. 990 (1990). Appellant has failed to allege the second and third required showings. He claims only that there were no blacks on the venire at the time that his jury was chosen. He makes no reference to other jury venires or to the process used to select the venires. Therefore, appellant failed to establish a prima facie case of systematic exclusion of blacks from the venire or the petit jury in his case. See Scott v. James, 902 F.2d 672, 675 (8th Cir.) (rejecting fair-cross section argument where appellant "has not even attempted" to make a showing that the absence of black jurors on the venire "resulted from a systematic exclusion of that group in the jury selection process"), cert. denied, 498 U.S. 873 (1990).
 
 
 20
 4. Denial of Motion for Suppression of Evidence
 
 
 21
 Appellant argues that the trial court erred in denying appellant's motions for the suppression of evidence. The only specific motion for suppression that appellant refers to in his various appellate briefs is the motion to suppress the hand gun allegedly found on his person at the time of arrest. Appellant alleges that the gun was "planted" on him and that it should have been suppressed on that ground. "The standard of review of an appeal from a denial of a motion to suppress is that the decision will be upheld if any reasonable view of the evidence supports the trial court's decision." United States v. McLaughlin, 957 F.2d 12, 16 (1st Cir. 1992).
 
 
 22
 Based upon our review of the record, we conclude that the evidence supports the district court's decision to deny the motion to suppress. Appellant argued that the gun had been "planted" on him and therefore that it should not have been admitted into evidence for purposes of proving possession of a firearm. With respect to pretrial motions which raise questions of fact, we have held as follows:
 
 
 23
 Although Fed. R. Evid. 104(a) provides that preliminary questions concerning the admissibility of evidence shall be determined by the court, this rule is not without its limits.... As a general rule, when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial.... This is particularly true where the question of fact is one involving credibility.
 
 
 24
 United States v. Russell, 919 F.2d 795, 797 (1st Cir. 1990).
 
 
 25
 This is a case where a question of fact-whether or not the gun was "planted" on appellant-was raised by appellant's motion to suppress. The question was intertwined with the issues on the merits, i.e., whether appellant possessed a firearm in violation of 18 U.S.C. §§ 922(g), 922(k) and 924(c). The question involved credibility, that is whether appellant's contention that the gun was "planted" on him was true. As discussed in subpart 5, there was sufficient evidence that the gun had not been planted. The district court did not err in denying the motion to suppress the firearm.
 
 5. Denial of Motion for Acquittal
 
 26
 After the jury returned its verdict of guilty, the district court denied appellant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. The applicable standard of review is as follows:
 
 
 27
 [W]e review the district court's denial of a Rule 29 motion by "scrutinizing the record in the light most favorable to the prosecution and drawing all reasonable inferences in favor of the verdict." If, upon such a reading of the record, we conclude that a rational jury could have found the defendant guilty beyond a reasonable doubt, then we must affirm the district court. Moreover, the prosecution need not exclude every reasonable hypothesis of innocence and may prove its entire case through the use of circumstantial evidence, so long as the totality of the evidence permits a conclusion of guilt beyond a reasonable doubt.
 
 
 28
 United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993) (citations omitted). We address below each of the four counts under which appellant was found guilty
 
 
 29
 A. Possession of a Firearm by a Convicted Felon
 
 
 30
 In order to convict appellant of possession of a firearm by a convicted felon, the government must prove that:
 
 
 31
 (1) appellant was previously convicted of an offense punishable by imprisonment for a term exceeding one year; and (2) he knowingly possessed a firearm in or affecting interstate commerce.
 
 
 32
 United States v. Wight, 968 F.2d 1393, 1397 (1st Cir. 1992). We find sufficient evidentiary support in the record for the guilty verdict on count one. At trial, Boston Police Officer Kevin Guy, one of the officers who pursued and apprehended appellant on the morning of the charged offense, testified that he saw appellant raise a gun toward the officers. The gun retrieved from appellant was admitted into evidence. Appellant took the stand at trial and testified that he had not possessed a gun. He noted that his fingerprints had not been found on the gun and argued that, therefore, there was no evidence connecting him to the gun introduced into evidence.
 
 
 33
 Mark Lawless, a member of the Boston Police Department's ballistics unit, testified that he examined the gun and that it was a firearm, as defined by the relevant federal statute. The government introduced, and the district court admitted into evidence, at least one certified copy of a conviction for an offense punishable by imprisonment for a term exceeding one year. William E. Pickett, an employee of the United States Treasury Department, Bureau of Alcohol, Tobacco & Firearms, testified that the gun retrieved from appellant, a semi-automatic pistol, was manufactured in Italy, and thus travelled in interstate commerce. From this evidence, the jury could reasonably conclude beyond a reasonable doubt that appellant was guilty of the offense charged in count one.
 
 
 34
 B. Possession of a Firearm with an Obliterated Serial Number
 
 
 35
 To support appellant's conviction on this count, the government was required to prove 1) that appellant knowingly possessed a firearm in or affecting interstate commerce and 2) that the serial number on the firearm was obliterated. The government's witness from the Boston Police Department's ballistics unit, Mr. Lawless, testified that he examined the gun retrieved from appellant on September 15, 1991. He testified that, as noted on a certificate he had completed at that time, the gun's serial number had been obliterated. Mr. Pickett examined the firearm at trial and testified that the serial number was obliterated. There was sufficient evidence introduced from which the jury could have found appellant guilty beyond a reasonable doubt on count two.
 
 C. Possession with Intent to Distribute
 
 36
 To convict appellant on this count, the government was required to prove that he "knowingly and intentionally possessed the cocaine and that he did so with the intent to distribute it." Akinola, 985 F.2d at 1109. Officer Pinto testified that on the day that appellant was apprehended, he searched him at the police station and found on appellant's person a "white rock substance" packaged in plastic bags and aluminum foil. He further testified that he took possession of the drugs and transferred them to Officer Guy to be logged into the drug book. Evidence of chain of custody was introduced. Richard Hemond and Elizabeth O'Brien, chemists from the Massachusetts Food & Drug Lab, testified that they examined and tested the packages of "white rock substance" retrieved from appellant and identified the substance as cocaine. Certificates of verification created by them at the time of examination and testing were introduced into evidence. Those certificates identified the substance retrieved from appellant as cocaine. Therefore, the jury could reasonably find from this evidence that appellant possessed cocaine.
 
 
 37
 Officer Israel testified that on the morning of September 15, 1991, he searched appellant and removed from his coat a bottle of a substance identified as "inositol." Officer Israel, formerly a member of the drug control unit, testified that inositol is a powder used to "cut" cocaine. Mr. Hemond and Ms. O'Brien, of the Massachusetts Food & Drug Lab testified that the packages of cocaine retrieved from appellant had a net weight of 10.73 grams, 3.83 grams and .80 grams. Officer Guy testified that he retrieved several glassine bags from appellant's person, or that he had seen come from appellant's person. Officer Pinto testified that $1,700 in currency was found upon searching appellant at the police station. From this evidence, a rational jury could conclude that appellant intended to distribute the cocaine.
 
 
 38
 D. Carrying a Firearm while Engaging in Drug Trafficking.
 
 
 39
 A conviction on this count required the government to prove beyond a reasonable doubt:
 
 
 40
 (1) that the firearm "was 'related to,' or played some other role in, the underlying crime"; and (2) that "the defendant must have 'used' or 'carried' the firearm."
 
 
 41
 Wight, 968 F.2d at 1396 (citations omitted). Officer Guy testified that appellant, while running from the officers, turned and raised a gun in their direction. Given the evidence that, at the time, appellant was in possession of cocaine with intent to distribute, the jury could rationally connect the weapon to appellant's drug trafficking.
 
 
 42
 Appellant argues that there was no underlying drug trafficking crime. Section 924(c)(2) defines "drug trafficking crime" to include any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.). Appellant's charge and conviction under 21 U.S.C. § 841(a)(1), for possession of cocaine with intent to distribute, constitutes the requisite drug trafficking crime.
 
 
 43
 6. Judicial bias.
 
 
 44
 Appellant contends that the district court judge was biased against him. Appellant's only allegations of bias are that the district court granted all of the government's motions and denied all of appellant's motions. Mere reference to adverse rulings is insufficient to support a claim of judicial bias. See Lisa v. Fournier Marine Corp., 866 F.2d 530, 532 (1st Cir.), cert. denied, 493 U.S. 819 (1989). Appellant "points to no conduct or statement on the part of the presiding judge at trial which conceivably could afford an objective basis for forming a reasonable doubt concerning the judge's impartiality." United States v. Lopez, 944 F.2d 33, 37 (1st Cir. 1991). Appellant's claim of judicial bias is entirely without merit.
 
 
 45
 For all of the foregoing reasons, appellant's conviction and sentence are affirmed.*
 
 
 
 *
 Appellant's motions for judicial investigation and injunction against conviction on falsified court records, for intervention by U.S. Government, for F.B.I. and U.S. Attorney's investigation, for writ of habeas corpus on the grounds of systematic exclusion of black jurors, and all other outstanding motions filed in this case are hereby denied. Appellant's requests for the issuance of criminal indictments are also denied. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally a private citizen has no authority to initiate a federal criminal prosecution.")
 
 
 [1]
 This is the version of the facts presented in the Pre-Sentence Report and accepted by the district court
 
 
 [2]
 Appellant also argues that the district court lacked jurisdiction because of the alleged defects in the indictment
 
 
 [3]
 Appellant also contends that the indictment relied upon the affidavit of Victor D. Washington, Special Agent with the Bureau of Alcohol, Tobacco and Firearms, and that the affidavit was unsigned. In fact, however, Mr. Washington's affidavit, which is included as part of the record, is signed by Mr. Washington and by a United States Magistrate Judge
 
 
 [4]
 18 U.S.C. § 1506 makes it a crime to steal, alter or falsify any court record "whereby any judgment is reversed, made void, or does not take effect."
 
 
 [5]
 Appellant also argues that the felony conviction upon which his conviction for possession of a firearm by a convicted felon was based has been "nullified" by his civil rights lawsuit alleging that the underlying conviction was the result of a false arrest. Even assuming that appellant can prove that he was falsely arrested, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." United States v. Crews, 445 U.S. 463, 474 (1980)