**UNITED STATES OF America,**

v.

**Fazal–Ur–Raheman FAZAL, Defendant.**

**No. CR. 01–10274–PBS.**

United States District Court,
D. Massachusetts.

Feb. 13, 2002.

John T. McNeil, U.S. Attorney's Office, Boston, MA, for plaintiff.

Mark W. Shea, Boston, MA, Frances L. Robinson, Davis, Robinson & White, LLP, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

SARIS, District Judge.

Defendant Fazal–Ur–Raheman Fazal, a citizen of India, has been charged in a one-count Indictment with kidnapping his two minor children in violation of the International Parental Kidnapping Crime Act ("IPKCA"), 18 U.S.C. § 1204. The government alleges that defendant abducted his children from the United States with the intent to obstruct the lawful exercise of custody by the children's mother and his estranged wife, Ms. Saihba Ali, formerly a citizen of India.

Defendant has filed a motion to dismiss the Indictment on the grounds that IPKCA violates the equal protection provision of the Fifth Amendment because it discriminates against Indian nationals; that defendant removed the children to India under a valid Indian court order; and that the mother failed to follow the procedures set forth in the Hague Convention. *Pro se* defendant also moves for dismissal on a variety of grounds. After a non-evidentiary hearing, the Court **DENIES** defendant's Motion to Dismiss for the following reasons:

### 1. *Equal Protection Claim*

Defendant claims IPKCA violates his right to equal protection under the Fifth Amendment on the ground it criminalizes his conduct because of his nation of origin. He argues that IPKCA should be strictly scrutinized because it distinguishes between abducting parents of children who are citizens of countries that are signatories to the Hague Convention on the Civil Aspect of International Parental Child Abduction ("the Hague Convention"), and parents of children who are not.

The government responds that IPKCA does not preclude criminal prosecutions of a parent even where the Hague Convention is applicable, but simply encourages a civil remedy under the Hague Convention. Section 1204(d) provides:

> This section does not detract from The Hague Convention on the Civil Aspects of International Parental Child Abduction, done at The Hague on October 25, 1980.

*See* 18 U.S.C. § 1204(d). Moreover, the legislative history contains the following sense of the Congress:

> It is the sense of the Congress that, inasmuch as use of the procedures under the Hague Convention on the Civil Aspects of International Parental Child Abduction has resulted in the return of many children, those procedures, in circumstances in which they are applicable, should be the option of first choice for a parent who seeks the return of a child who has been removed from the parent.

Pub.L. No. 103–173, § 2(b), 107 Stat.1998 (1993).

■■■ "[A]ll laws that classify citizens on the basis of race … are constitutionally suspect and must be strictly scrutinized." *Hunt v. Cromartie*, 526 U.S. 541, 546, 119 S.Ct. 1545, 1548–49, 143 L.Ed.2d 731 (1999). "A facially neutral law [however] … warrants strict scrutiny only if it can be proved that the law was motivated by a racial purpose or object, or if it is unexplainable on grounds other than race." *Id.* Because IPKCA does not facially tar-

get any particular nationality or race, it is not subject to strict scrutiny. *Cf. United States v. Amer,* 110 F.3d 873, 879 (2d Cir.1997) (rejecting the challenge that IPKCA violates the Free Exercise Clause because it is a neutral law of general application that "punishes parental kidnappings solely for the harm they cause.")

■ Under a rational basis analysis, defendant loses. Of course, it would be the preferred route in these painful international child custody disputes to attempt a civil, rather than criminal, resolution. However, with countries (like India) that are not signatories, an international civil remedy through the Hague Convention's mechanisms is not available, and criminal prosecution is an effective recourse to deter child kidnapping. IPKCA is a rational tool for fulfilling the "enforcement-gap-closing" function. *Id.* at 882; *cf. City of Cleburne, Texas v. Cleburne Living Center, Inc.,* 473 U.S. 432, 446–441, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (holding that the government need only demonstrate a rational basis for the disparate treatment).

### 2. *The Affirmative Defense*

■ Defendant argues that the case should be dismissed because defendant's custody decree in India was obtained in conformity with the Uniform Child Custody Jurisdiction Act (the "Act"), and that he should prevail as a matter of law on his affirmative defense pursuant to 18 U.S.C. § 1204(c)(1). Defendant also argues that the Massachusetts custody order violates this Act as a matter of law. However, the indictment alleges that the defendant took the children *before* the issuance of either court order. The argument regarding the validity of an affirmative defense is thus not properly resolved through a motion to

dismiss because, among other things, it is intertwined with hotly contested fact issues concerning defendant's intent at the time he took the children to India. *See United States v. Russell,* 919 F.2d 795, 797 (1st Cir.1990).

### 3. *The Hague Convention*

■ *Pro se* defendant has moved to dismiss on additional grounds detailed in his supplemental brief. Among other things, he argues that the Indictment should be dismissed because his former wife failed to follow the Hague Convention procedures. Moreover, he argues that under those standards (i.e., consideration of the best interests of the child), he should prevail. The Court *DENIES* the motion to dismiss because the Hague Convention standards are not applicable.

### ORDER

The motion to dismiss is *DENIED*.