**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1675

THOMAS M. FURTADO,

Petitioner, Appellant,

v.

MICHAEL T. MALONEY,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judge.

---

Thomas M. Furtado, Memorandum in Support of a Certificate of Appealability pro se.

---

February 18, 2005

---

**Per Curiam**.  Thomas M. Furtado seeks a certificate of appealability (COA) to appeal from the denial of his second Rule 60(b) motion to obtain relief from the dismissal of his petition under 28 U.S.C. § 2254 because it was "mixed," containing both exhausted and unexhausted claims.  Because the district court did not address the merits of Furtado's claims, a COA should may issue if he has shown that "(1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is also colorable.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)." Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002).  Because Furtado cannot meet the merits prong of the COA test, we need not determine whether the procedural prong has been satisfied.

1. Sufficiency of the Evidence

Petitioner's one exhausted claim is that the district court  violated his due process rights by denying his motion for a required finding of not guilty where "no evidence of identification was presented."  The constitutional standard for sufficiency of the evidence claims is whether "viewing the evidence in the light most favorable to the prosecution, . . . no rational trier of fact could have found, beyond a reasonable doubt, sufficient evidence of the crime for which the defendant was convicted." Joseph v. Fair, 763 F.2d 9, 10 (1st Cir. 1985) (citing Jackson v. Virginia, 443 U.S. 307 (1979)).

A  summary  of  the  evidence  is  set  forth  in  the Massachusetts Appeals Court decision, Commonwealth v. Furtado, 53 Mass. App. Ct. 1108, 2001 WL 1609078 (2001).  Based upon that

-2-

evidence, petitioner cannot make even a colorable claim that no rational juror could have found, beyond a reasonable doubt, sufficient evidence that Furtado was one of the perpetrators of the charged offenses of armed robbery and assault with intent to rob. Furtado's main argument here is that the identification evidence was entirely circumstantial. However, "[t]he government need not produce direct evidence to meet its burden of proof: 'circumstantial evidence, if it meets all the other criteria of admissibility, is just as appropriate as direct evidence and is entitled to be given whatever weight the jury deems it should be given under the circumstances within which it unfolds.'" United States v. Hughes, 211 F.3d 676, 681 (1st Cir. 2000) (citations omitted).

### 2. Jury Coercion

The constitutional right at issue here is the right to an uncoerced verdict. "Any criminal defendant . . . being tried by a jury is entitled to the uncoerced verdict of that body." Lowenfield v. Phelps, 484 U.S. 231, 241 (1988). This court has stated that "[a]ny supplemental instruction in response to a jury's deadlock can have a significant coercive effect by intimating that some jury members should capitulate to others' views, or by suggesting that the members should compromise their rational positions in order to reach agreement." United States v. Hernandez-Albino, 177 F.3d 33, 38 (1st Cir. 1999). But this court has also recognized that "[t]he right not to be put twice to the bar is of a very high order," United States v. Hotz, 620 F.2d 5, 6 (1st Cir. 1980), and that a

-3-

judge should exercise his discretion to declare a mistrial on the basis that the jury has reached an impasse, only "with great reluctance." <u>Id.</u> at 7.

Furtado has not made even a colorable claim of jury coercion. "Where . . . the judge reasonably concludes that the jury is not deadlocked . . . , the defendant is not prejudiced by a simple instruction to continue deliberating." <u>United States</u> v. <u>Figueroa-Encarnaciòn</u>, 343 F.3d 23, 32 (1st Cir. 2003), <u>cert. denied</u>, 540 U.S. 1140 (2004). And the district court's failure to grant defense counsel's request for a second instruction on the government's burden of proof did not create a colorable due process issue. Under similar circumstances this court has held that "[t]he failure of the trial court to reinstruct the jury on the burden of proof was not constitutionally defective since extensive instructions had been previously given." <u>Salemme</u> v. <u>Ristaino</u>, 587 F.2d 81, 89 (1st Cir. 1978). Finally, there was no colorable claim of constitutional magnitude stemming from the jury's communication of its division on the question whether further deliberations could assist them in returning a verdict. <u>See</u> <u>Lowenfield</u>, 484 U.S. at 240.

### 3. <u>References by Prosecutor to Excluded Evidence</u>

Furtado argued that his due process rights were violated by the prosecutor's improper conduct in ignoring the court's in limine order excluding any statements made by the deceased victim. Prosecutorial misconduct violates a petitioner's due process rights only "if the conduct 'so infected the trial with unfairness as to

make the resulting conviction a denial of due process.'" Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003). The Appeals Court found that "the judge submitted the case to the jury solely as a circumstantial evidence case." Furtado, 2001 WL 1609078 at ***1 n.2. The court also supportably found that "[v]iewed in the light most favorable to the Commonwealth . . ., the circumstantial evidence and the reasonable inferences drawn therefrom were sufficient for a jury to conclude beyond a reasonable doubt that the defendants were the robbers." Id. at ***1. Under these circumstances, Furtado has not made a colorable claim that any misconduct by the prosecutor in referring to Jones' identification of the defendants deprived Furtado of a fair trial.

### 4. Ineffective Assistance of Counsel

Finally, Furtado claimed that he was denied effective assistance of counsel because his attorney 1) did not move for a mistrial on the ground that the jury was deadlocked, and 2) "fail[ed] to join in the Motion to Strike when the prosecutor ignored the court's earlier ruling that Jones' statements were inadmissible." Petitioner cannot make a colorable showing of prejudice as to either claim. A motion for a mistrial for the district court's alleged failure to conform to Mass. Gen. Laws ch. 234, § 34 would not have succeeded. The failure to join co-defendant's motion to strike did not prejudice Furtado because the motion was granted.

We conclude that Furtado's § 2254 claims are not even colorable. Therefore, his request for a COA is <u>denied</u> and the appeal is <u>terminated</u>.