USCA1 Opinion

 

 July 7, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-2212 UNITED STATES, Appellee, v. PHILLIP A. WIGHT, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Fuste,* District Judge. ______________ ____________________ Martin K. Glennon with whom Martin K. Glennon Professional ___________________ _________________________________ Association was on brief for appellant. ___________ Peter E. Papps, First Assistant United States Attorney, with whom _______________ Jeffrey R. Howard, United States Attorney, was on brief for appellee. _________________ ____________________ ____________________ _____________________ *Of the District of Puerto Rico, sitting by designation. FUSTE, District Judge. After a jury trial, appellant ______________ Phillip Wight was convicted of four counts of a multi-count indictment charging both controlled substances and firearms violations.1 On appeal, he argues that the evidence was insufficient to support his firearms convictions under 18 U.S.C. 924(c)(1) (possession of a firearm during a drug trafficking crime) and 18 U.S.C. 922(g)(1) (felon in possession of a firearm). Finding that there is sufficient evidence to sustain the convictions, we affirm. affirm I. I. Background Background __________ The facts giving rise to Wight's appeal, for the most part, are not in dispute. Codefendant Edward Dunbar was approached by an undercover police officer who sought to buy a large quantity of marijuana. After several days of searching for potential sources, Dunbar determined that appellant Wight could supply the potential buyers ten pounds of marijuana. On March 9, 1990, law enforcement agents made arrangements to purchase the controlled substance. Dunbar agreed to meet them at a Dunkin Donuts parking lot in Manchester, New Hampshire. At the initial ____________________ 1Count I of the indictment charged appellant Wight and other codefendants with conspiracy to distribute marijuana in violation of 21 U.S.C. 846; Count V charged appellant with possession with intent to distribute marijuana in violation of 21 U.S.C. 841(a)(1); Counts VI and VII charged appellant with possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. 924(c)(1), and with possession of a firearm by a felon in violation of 18 U.S.C. 922(g)(1). Count IX charged only codefendant Fields with possessing the same firearm during a drug trafficking crime, 18 U.S.C. 924(c)(1). -2- 2 meeting, Dunbar and Wight agreed to sell the marijuana to the agents later that day. After a telephone call between the parties, they met at a Burger King parking lot, also in Manchester. Wight arrived at the meeting in a van driven by codefendant Michael Fields. Wight was seated in the front passenger seat. Codefendant Dunbar arrived in a different vehicle. An undercover officer approached the passenger side of the van and asked Wight whether he had the marijuana. Wight turned around, pointed to a large plastic bag located behind him containing what appeared to be marijuana, and pulled out a small plastic sandwich bag containing a drug sample. At that point, the officer gave a signal and Wight, Dunbar, and Fields were arrested. At the moment of the arrest, law enforcement personnel seized, but did not search, the van. The vehicle was taken to the Manchester police station, where an inventory search was conducted. During the search, police discovered an operable 9mm Interdynamic pistol. The weapon was located underneath some newspapers behind the two front seats of the van. The pistol was in a partially unzipped case with the opening facing the passenger seat of the van where appellant Wight sat. Testimony at trial revealed that on the morning prior to the drug sale, Dunbar had brought the weapon to the residence shared by Wight and Fields. Dunbar gave the weapon to Fields, instructing him that it was available for use if necessary. -3- 3 Based on these facts Wight, Dunbar, and Fields were indicted. While Dunbar pled guilty, Fields and Wight went to trial. Both Fields and Wight were convicted of the controlled substances counts; however, while the jury convicted Wight of the two firearms violations, they acquitted Fields of possessing the Interdynamic pistol during a drug trafficking crime. The two firearms convictions form the basis for Wight's appeal. II. II. Discussion Discussion __________ Appellant's sole argument on appeal is that the evidence at trial was insufficient to support his convictions for carrying a firearm during or in relation to a drug trafficking crime2 and for being a felon in possession of a firearm in or affecting interstate commerce.3 ____________________ 2The statute, 18 U.S.C. 924(c)(1), in relevant part, provides: Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. 18 U.S.C. 924(c)(1). 3Section 922(g)(1) of Title 18 provides: (g) It shall be unlawful for any person -- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to . . . possess in or affecting commerce, any firearm or ammunition. -4- 4 In reviewing a sufficiency of the evidence challenge, this court will look to the evidence as a whole, including reasonable inferences drawn from the evidence, in the light most favorable to the government, seeking to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. ___________________ 307, 319 (1979); United States v. Abreu, 952 F.2d 1458, 1466 (1st ______________________ Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 1695 (1992); United ____________ ______ States v. Sabatino, 943 F.2d 94, 97 (1st Cir. 1991); United ____________________ ______ States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1991); ___________________________ United States v. Ruiz, 905 F.2d 499, 502 (1st Cir. 1990) (same ______________________ standard in Fed. R. Crim. P. 29 motion for judgment of acquittal). It is not our role to weigh witness credibility and we will resolve all such issues in favor of the government. Batista-Polanco, 927 F.2d at 17; United States v. Passos- _______________ ___________________________ Paternina, 918 F.2d 979, 983 (1st Cir.), cert. denied, 111 S.Ct. _________ ____________ 1637 (1990), and cert. denied, 111 S.Ct. 2809 (1991). Also, ___ ____________ evidence sufficient to convict may be entirely circumstantial, with the factfinder remaining free to choose among reasonable interpretations of the evidence. Batista-Polanco, 927 F.2d at _______________ 17; United States v. McDowell, 918 F.2d 1004, 1010 (1st Cir. __________________________ 1990); United States v. Boylan, 898 F.2d 230, 243 (1st Cir.), ________________________ cert. denied, ___ U.S. ___, 111 S.Ct. 139 (1990). ____________ A. Section 924(c)(1) A. Section 924(c)(1) _________________ ____________________ 18 U.S.C. 922(g)(1). -5- 5 To establish a violation of 18 U.S.C. 924(c)(1), the government had to prove beyond a reasonable doubt (1) that the firearm "was 'related to,' or played some other role in, the underlying crime"; and (2) that "the defendant must have 'used' or 'carried' the firearm." United States v. Torres-Medina, 935 ______________________________ F.2d 1047, 1048-49 (9th Cir. 1991). Wight admits that he procured the marijuana at the request of Dunbar, was a passenger in the van which carried the marijuana, and engaged in the process of selling the drug to an undercover police officer at the time of his arrest. There is no controversy as to the fact that the Interdynamic 9mm pistol was found in the van used to transport the drugs only one day after the pistol had been delivered by Dunbar to the residence shared by Fields and Wight to be used if necessary. While this constitutes sufficient evidence to establish that the weapon was related to the drug crime, Wight's challenge goes to whether there was sufficient evidence to establish that he used or carried the firearm. Specifically, he argues that the government failed to prove beyond a reasonable doubt that he knew the weapon was in the van and, without such proof, the section 924(c)(1) count should not have been submitted to the jury. We disagree. In Abreu, 952 F.2d at 1466, we found that "the _____ government need not prove actual possession by the defendant, only that the firearm was readily accessible for the defendant's use" and that "[p]lacing a weapon nearby to protect a drug operation comes within the definition of 'used'" for purposes of -6- 6 section 924(c). See also United States v. Hadfield, 918 F.2d ___ ____ __________________________ 987, 997-98 (1st Cir. 1990) (in a "drug fortress" context, "the critical concern is the presence or absence of a facilitative nexus"), cert. denied, ___ U.S. ___, 111 S.Ct. 2062 (1991); _____________ United States v. Payero, 888 F.2d 928, 929 (1st Cir. 1989) _________________________ (conviction sustained if possessor of a weapon intended it to be available for possible use during or immediately following the transaction); United States v. Featherson, 949 F.2d 770, 776 (5th ___________________________ Cir.) (sufficient for the government to show that the weapon "could have been used" to protect or facilitate the drug trafficking), cert. denied, 60 U.S.L.W. 3735 (1992); United _____________ ______ States v. Young-Bey, 893 F.2d 178, 181 (8th Cir. 1990). _____________________ Examining the circumstances surrounding the firearm's presence in the van, we find that there is sufficient evidence in the record to support a jury finding connecting the weapon to appellant Wight's drug trafficking. It is undisputed that Dunbar originally delivered the firearm to the residence shared by Wight and Fields with the understanding that the weapon was for their use if necessary. Wight supplied the marijuana and played a principal role in the drug transaction. One day later, the firearm was found in the van used to transport the drug to the place where the drug transaction was held. When found, the weapon was in a partially- opened case, facing appellant and within his grasp. Given these facts, it was reasonable for a rational trier of fact to infer -7- 7 that appellant knew the weapon's location, had ready access to it, and possessed it in the van to facilitate the drug deal. Appellant also suggests that the jury's acquittal of codefendant Fields with respect to Count IX for a section 924(c)(1) violation is further evidence that the government failed to establish the necessary elements beyond a reasonable doubt. The government argues that even if we were to view the verdicts as inconsistent, based on the reasoning of United States _____________ v. Powell, 469 U.S. 57 (1984), inconsistency is not a sufficient __________ reason to set aside the verdict provided that sufficient evidence supports the count of conviction. See also United States v. ___ ____ _________________ Bernal-Rojas, 933 F.2d 97, 100 (1st Cir. 1991); United States v. ____________ ________________ Bucuvalas, 909 F.2d 593 (1st Cir. 1990) (rationale of Powell _________ ______ applied where two co-conspirators involved). We have found that there was sufficient evidence to support appellant's conviction pursuant to section 924(c)(1). In addition, the Wight and Fields section 924(c)(1) verdicts are, in fact, consistent. Obviously, the jury found that Wight's leadership role in the criminal activity, coupled with the fact that the weapon appeared to be more accessible to him than it was to Fields, made it more likely that it was he, and not Fields, who sought the benefit of the weapon's presence during the drug transaction. Appellant's conviction for possessing a firearm during the commission of a drug offense, 18 U.S.C. 924(c)(1), shall stand. B. Section 922(g)(1) B. Section 922(g)(1) _________________ -8- 8 Appellant also challenges his conviction under 18 U.S.C. 922(g)(1). Under this statute, the government must establish that: (1) appellant was previously convicted of an offense punishable by imprisonment for a term exceeding one year; and (2) he knowingly possessed a firearm in or affecting interstate commerce. United States v. Ramos, No. 91-1702, slip _______________________ op. at 4 (1st Cir. April 21, 1992); United States v. Smith, 940 ______________________ F.2d 710, 713 (1st Cir. 1991); United States v. Rumney, 867 F.2d _______________________ 714, 721 (1st Cir. 1989) (sufficiency of the evidence challenge to 18 U.S.C. App. (1982 Ed.) 1202(a)(1), the predecessor statute to 922(g)), cert. denied, 491 U.S. 908 (1989). Wight ____________ admits that the government established the requisite predicate offense and he does not challenge the firearm's relationship to interstate commerce. Rather, Wight argues that his mere presence in the van is, by itself, insufficient to establish the "knowing possession" element of section 922(g)(1). We find sufficient evidentiary support in the record for the jury determination that appellant was a felon in possession of the firearm. In the context of drug offenses, we have found that "[k]nowledge may be inferred from possession." United States v. ________________ Lochan, 674 F.2d 960, 966 (1st Cir. 1982). Possession can be ______ either actual or constructive, sole or joint. United States v. _________________ Vargas, 945 F.2d 426, 428 (1st Cir. 1991); Batista-Polanco, 927 ______ _______________ F.2d at 19; United States v. Martinez, 922 F.2d 914, 923-24 (1st __________________________ Cir. 1991); United States v. Latham, 874 F.2d 852, 861 (1st Cir. _______________________ 1989); United States v. Calle-Cardenas, 837 F.2d 30, 32 (1st ________________________________ -9- 9 Cir.), cert. denied, 485 U.S. 1024 (1988). In order to show _____________ constructive possession, the government must prove that the defendant "had dominion and control over the area where the contraband was found." United States v. Barnes, 890 F.2d 545, ________________________ 549 (1st Cir. 1989), cert. denied, 494 U.S. 1019 (1990); Vargas, ____________ ______ 945 F.2d at 428 (constructive possession found where defendant was sole tenant and occupant of apartment immediately prior to police raid); Lochan, 674 F.2d at 966 (reasonable to infer that ______ driver knowingly possessed cocaine found behind rear seat of automobile owned by passenger). The government may show constructive possession through the use of either direct or circumstantial evidence; however, mere presence or association with another who possessed the contraband is insufficient to establish constructive possession. Batista-Polanco, 927 F.2d at _______________ 18; Barnes, 890 F.2d at 549. ______ While this court has upheld convictions for violations of 18 U.S.C. 922(g)(1), United States v. Minnick, _________________________ 949 F.2d 8, 10 (1st Cir. 1991), cert. denied, ___ U.S. ___, 112 ____________ S.Ct. 1698 (1992); United States v. Donlon, 909 F.2d 650, 655-56 _______________________ (1st Cir. 1990); United States v. Rumney, 867 F.2d 714, 719 (1st _______________________ Cir. 1989)4, and has discussed constructive possession in the context of 18 U.S.C. 922(h), United States v. Lamare, 711 F.2d ________________________ 3, 5-6 (1st Cir. 1983), we have not passed upon a conviction ____________________ 4Rumney was convicted as a felon in possession of a firearm under 18 U.S.C. App. 1202(a)(1). This section was repealed and reenacted in broader form, and recodified at 18 U.S.C. 922(g). -10- 10 under section 922(g)(1) based on a theory of constructive possession.5 Today, we make explicit the obvious and find that the element of "knowing possession" under section 922(g)(1) may be established by proving that the defendant was in constructive possession of a firearm. We hold that as long as a convicted felon knowingly has the power and the intention at a given time of exercising dominion and control over a firearm or over the area in which the weapon is located, directly or through others, he is in possession of the firearm. In so holding, we join other circuits which have applied the concept of constructive possession in the context of prosecutions under 18 U.S.C. 922(g)(1).6 ____________________ 5Constructive possession of a firearm has been discussed in First Circuit cases in a different context. In United States v. __________________ Parent, 954 F.2d 23 (1st Cir. 1992), we vacated a judgment of ______ conviction under section 922(g)(1) where the trial court erred in giving the jury a supplemental instruction on constructive possession without first informing the attorneys of the jury's request. In the instruction, attached as an appendix to the opinion, constructive possession was defined. 954 F.2d at 28. In the second case, United States v. Jackson, 918 F.2d 236, 243 ________________________ (1st Cir. 1990), we simply alluded to the fact that there was overwhelming evidence of either actual or constructive possession of the firearm in dismissing an alleged ineffective assistance of counsel claim. 6United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992); United _____________________ ______ States v. McKnight, 953 F.2d 898, 901 (5th Cir. 1992) _____________________ (constructive possession where defendant knowingly has ownership, dominion or control over contraband itself or over premises where contraband is located), petition for cert. filed, 60 U.S.L.W. _________________________ ___, (U.S. Apr. 30, 1992) (No. _____); United States v. Moreno, ________________________ 933 F.2d 362, 373 (6th Cir.), cert. denied, ___ U.S. ___, 112 ____________ S.Ct. 265 (1991); United States v. Wainwright, 921 F.2d 833, 836 ___________________________ (8th Cir. 1990); United States v. Sullivan, 919 F.2d 1403, 1430 __________________________ (10th Cir. 1990); United States v. Terry, 911 F.2d 272, 278 (9th ______________________ Cir. 1990); United States v. Garrett, 903 F.2d 1105, 1110 (7th _________________________ Cir.) ("[c]onstructive possession exists when a person does not _________________________________________________________ have actual possession but instead knowingly has the power and _________________________________________________________________ -11- 11 While appellant Wight argues that the government established only his mere presence in the vehicle where the weapon was located, we think that the evidence, viewed in the light most favorable to the government, allowed the jury to find beyond a reasonable doubt that he was in constructive possession of the weapon. First, it was established that the firearm was taken to the residence he shared with Fields the day before the drug transaction was scheduled to occur and then transferred to the van sometime prior to the actual meeting. It would have been entirely reasonable for the jury to infer that Wight, jointly with Fields, exercised dominion and control over the house to which the gun had been delivered and, accordingly, had knowledge of the weapon's presence in the residence and its transfer to the van. See United States v. Munoz-Romo, 947 F.2d 170, 177 (5th ___ ____________________________ Cir. 1991), petition for cert. filed, 60 U.S.L.W. 3761 (U.S. Jan. ________________________ 7, 1992) (No. 91-1593); United States v. Smith, 930 F.2d 1081, _______________________ 1085-86 (5th Cir. 1991). Second, it is disingenuous for appellant to argue that he was merely present in the van driven by Fields. The evidence established that Dunbar put Wight in contact with the buyers because of his ability to supply ten pounds of marijuana. Wight participated in the negotiations with the buyers and, at the time of the drug deal, it was he who transacted the sale. It was reasonable for the jury to infer that he, and not Fields, was in charge of the operation and, as ____________________ the intention at a given time to exercise dominion and control _________________________________________________________________ over an object, either directly or through others") (emphasis in __________________________________________________ original), cert. denied, ___ U.S. ___, 111 S.Ct. 272 (1990). ____________ -12- 12 such, exercised control over Fields, the van, its contents, and the firearm. We think that the facts surrounding Wight's participation and presence in the van are different from cases where courts have absolved vehicle passengers of weapons charges. See Blue, 957 F.2d at 107-08 (only evidence produced was weapon's ___ ____ discovery in vehicle and testimony that defendant "dipped his shoulder" as police officer approached vehicle); United States v. ________________ Soto, 779 F.2d 558, 560 (9th Cir. 1986) ("[m]ere proximity of a ____ weapon to a passenger in a car goes only to its accessibility, not to the dominion or control"), cert. denied, 484 U.S. 833 _____________ (1987). Here, there was ample evidence to establish that Wight's presence in the van was for the purpose of drug trafficking and it could be inferred from this fact that, for purposes of 18 U.S.C. 922(g)(1), he, as a convicted felon, exercised joint dominion or control over the vehicle and its contents, including the firearm. The gun was contained in a zippered case that was partially open and readily accessible to Wight. The proximity of the firearm to the passenger and the illegal cargo allowed the fact-finder to convict of both possessing a firearm during the commission of a drug offense, 18 U.S.C. 924(c)(1), and of possessing the gun after a felony conviction, 18 U.S.C. 922(g)(1). See United States v. Wright, 932 F.2d 868, 881 ___ ________________________ (10th Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 428 (1991). ____________ Affirmed. Affirmed ________ -13- 13