UNITED STATES of America,
Respondent, Appellant,

v.

Abraham D. OBJIO–SARRAFF,
Petitioner, Appellee.

No. 96–1880.

United States Court of Appeals,
First Circuit.

Heard March 5, 1997.

Decided March 10, 1997.

Guillermo Gil, United States Attorney, Jose F. Blanco, Assistant United States Attorney, Hato Rey, PR, and Lisa Simotas, Attorney, Department of Justice, Washington, DC, on brief for respondent–appellant.

Arthur R. Silen and Roberts and Newman, P.A., Newton, MA, on brief for petitioner–appellee.

Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.

PER CURIAM.

A jury convicted petitioner, Abraham D. Objio–Sarraff, of, *inter alia,* violating 18 U.S.C. § 924(c)(1) (using or carrying a firearm during and in relation to a drug-trafficking offense). We affirmed his firearms conviction. *See United States v. Castro–Lara,* 970 F.2d 976, 983 (1st Cir.1992), *cert. denied,* 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993).

Some years later, after the Supreme Court handed down its opinion in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Objio–Sarraff brought a petition pursuant to 28 U.S.C. § 2255, seeking to set aside his firearms conviction. The government conceded that the evidence introduced at trial was insufficient to establish "use" of the firearm under *Bailey,* but argued that the evidence had satisfactorily established "carrying." The district court defined "carrying" narrowly and granted the petition. *See Objio–Sarraff v. United States,* 927 F.Supp. 30 (D.P.R.1996).

While the government's appeal was pending, a panel of this court decided *United States v. Cleveland,* 106 F.3d 1056 (1st Cir. 1997). In construing 18 U.S.C. § 924(c)(1), *Cleveland* adopted a broad reading of "carrying." *See id.* at 1068–69. That reading plainly encompasses the petitioner's conduct. *See Castro–Lara,* 970 F.2d at 983 (affirming petitioner's § 924(c)(1) conviction on direct appeal and describing his relationship to the firearm).

Because the panel opinion in *Cleveland* is fully binding on us for purposes of this appeal, *see, e.g., United States v. Wogan,* 938 F.2d 1446, 1449 (1st Cir.), *cert. denied,* 502 U.S. 969, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991), Objio–Sarraff cannot prevail. We need go no further.

*The judgment below is reversed on the authority of United States v. Cleveland.*