USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2221 UNITED STATES, Appellee, v. LAMAR R. BOOTH, A/K/A LAMAN BOOTH, A/K/A LAMAR COEVAN, A/K/A LAMAR GOVAN, A/K/A LAMAR BARTON, A/K/A LOMAR BARTON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Diana L. Maldonado, Federal Defender Office, on brief for ____________________ appellant. Donald K. Stern, United States Attorney, and Gary S. Katzmann, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ April 10, 1997 ____________________ Per Curiam. Appellant appeals from his conviction as __________ a felon in possession of a firearm. He now contends that the jury instructions defining constructive possession may have allowed the jury to convict him even if he did not know that a gun was present within an area over which he exercised dominion and control. The instructions in this case do not warrant reversal, but we write for the benefit of future cases to pinpoint a correctable ambiguity in previously approved language. Appellant, a convicted felon, was apprehended while driving alone in a stolen car. A knapsack was on the front passenger seat, and it contained, among other things, a loaded gun and a camera. Appellant denied ownership of the knapsack and its contents, but the film from the camera subsequently revealed photos of appellant. Appellant was indicted on counts including felon in possession of a firearm under 18 U.S.C. 922(g), and, after a jury trial, he was convicted on that count. The district court instructed the jury on the requirement of "knowing" possession as follows. First, the jury was told twice that "the government must prove beyond a reasonable doubt . . . that the defendant knowingly possessed a firearm . . . ." Next, "knowingly" was defined as: An act is done knowingly if it is done voluntarily and intentionally and not because of mistake or accident. I'll say that again. An act is done knowingly if -2- it is done voluntarily and intentionally and not because of mistake or accident. In order for the government to satisfy this element, it must prove beyond a reasonable doubt that the defendant knew he was possessing a firearm . . . . And then "possession" was defined as: The law recognizes two kinds of possession, actual possession and constructive possession. . . . Even when a person does not actually possess an object, he may be in constructive possession of it. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object or over the area _________________ in which the object is located. The law _______________________________ recognizes no distinction between actual and constructive possession, either form of possession is sufficient. Possession of an object may be established by either direct evidence or by circumstantial evidence. It is not necessary to prove ownership of the object, but it is necessary for the government to prove beyond a reasonable doubt [the] knowing possession of [the] object.  (emphasis added) Finally, the jury also was instructed that "the government must prove beyond a reasonable doubt . . . that the defendant's knowing possession of the firearm . . . was in or affecting commerce."  Thus, in instructing the jury, the district court said that constructive possession exists when a person "knowingly has the power and the intention at a given time of exercising dominion and control over an object or over the area in which _________________________ the object is located." Appellant complains belatedly about _____________________ the italicized portion of the quoted language on the ground -3- that it might allow the jury to convict if the defendant controlled the area but did not know that the weapon was there. Although the language in question is more or less consistent with United States v. Wight, 968 F.2d 1393, 1398 ______________ _____ (1st Cir. 1992), it is probably susceptible to a misinterpretation. The underlying thought, which is correct but could be more precisely conveyed, is that knowledge can be inferred in some circumstances from control of the area. See United States v. Lochan, 674 F.2d 960, 966 (1st Cir. ___ _____________ ______ 1982). Wight, despite its literal language, should no longer _____ be read as an endorsement of the above-quoted italicized language as an independent definition of constructive possession. There is nothing wrong with explaining the Lochan inference where appropriate, and we do not suggest ______ that the Wight language where it has been used in the past is _____ necessarily reversible error, taking the charge as a whole.  In this case the jury was told several times that proof of "knowing" possession was required; the evidence linking appellant to the gun was substantial; and, given the absence of a contemporaneous objection, the italicized phrase did not constitute plain error, creating a risk of fundamental unfairness or miscarriage of justice. See United States v. ___ _____________ Hallock, 941 F.2d 36, 42 (1st Cir. 1991). _______ Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -4-