**UNITED STATES of America, Plaintiff**

v.

**Waldemar TORRES–GONZALEZ, Defendant.**

**No. 07–170 (JAG).**

United States District Court, D. Puerto Rico.

Nov. 30, 2007.

---

G. Andrew Massucco–LaTaif, United States Attorney's Office, San Juan, PR, for Plaintiff.

Epifanio Morales–Cruz, San Juan, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Waldemar Torres Gonzalez's Motion to Strike Surplusage. (Docket No. 176). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Waldemar Torres Gonzalez's stands charged in a Superseding Indictment for, among other things, unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1)(Possession of a firearm by a prohibited person: convicted felon). Counts Eleven and Twenty–One state in pertinent part that:

On or about October 19, 2006, in the District of Puerto Rico and within the jurisdiction of this Court ... the defendant[ ] herein, having been previously convicted of a crime punishable by imprisonment for a term extending one (1) year, aiding and abetting with another person, did knowingly and unlawfully possess a firearm or ammunition to wit ... It is alleged that ..., the defendant herein, committed the above mentioned firearm offense after having been convicted and sentenced to a crime punishable by imprisonment for a term exceeding one (1) year, that is including but not limited violations of Puerto Rico Weapons Law 5.04 for which he was sentenced to serve a period of imprisonment of five (5) years imprisonment ... (Docket No. 151).

On November 20, 2007, Defendant Waldemar Torres Gonzalez's filed a Motion to Strike Surplusage from the Superseding Indictment. In said motion, Defendant Waldemar Torres Gonzalez's states that the second paragraph of both counts restates that which is already mentioned in the first paragraph, namely, that Defendant "committed the above mentioned firearm offense after having been convicted and sentenced to a crime punishable by imprisonment for a term exceeding one (1) year." As such, Defendant Waldemar Torres Gonzalez's contends that the repetition of said statement is immaterial, prejudicial and inflammatory. Furthermore, Defendant Waldemar Torres Gonzalez's contends that the Government's reference to the type of offense that Defendant previously committed and the sentenced imposed is also irrelevant and prejudicial. (Docket No. 176).

On November 28, 2007, Defendant Nelson Font–Gonzalez joined and adopted Defendant's Waldemar Torres Gonzalez's, (collectively "Defendants") request in its Motion to Strike Surplusage. Defendant Nelson Font–Gonzalez avers that the 18 U.S.C. § 922(g)(1) violations alleged in Counts Ten, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen and Twenty of the Superseding Indictment contain the same prejudicial and immaterial surplusage that Defendant alleges in its Motion. (Docket No. 185). On November 29, 2007, the Government opposed Defendants' Motion to Strike Surplusage. (Docket No. 197).

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 7(d), a defendant may move to strike surplusage from the indictment. This serves to protect the defendant "against immaterial or irrelevant allegations in an indictment, ... which may ... be prejudicial." Fed.R.Crim.P. 7(d), advisory committee note; *United States v. Fahey*, 769 F.2d 829, 841–42 (1st Cir.1985). Inclusion of a particular wording on indictment requires reversal only if it is improp-

er and misleads the defendant. *See United States v. Sabatino,* 943 F.2d 94, 100 (1st Cir.1991). This decision rests in the sound discretion of the district court. *Id.* at 842; *see also United States v. Lewis,* 40 F.3d 1325, 1346 (1st Cir.1994).

## DISCUSSION

Defendants contend in their Motion to Strike Surplusage that the Government's inclusion of the above mentioned statements in the Superseding Indictment serves no other purpose than to color the jury's perception of their character. (See Docket No. 176). The Government opposed Defendants' Motion and alleged that Defendants prior convictions are relevant to the case at bar and its probative value outweighs any prejudicial effect on Defendants. (See Docket No. 197).

■ To prove a charge of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the Government must show that (1) the defendant was previously convicted of an offense requiring imprisonment exceeding one year and (2) he knowingly possessed a firearm in or affecting interstate commerce. *United States v. Wight,* 968 F.2d 1393, 1397 (1st Cir.1992). Our Circuit has held that when a defendant is charged with being a felon-in-possession of a firearm, evidence of the nature of the prior conviction is not admissible unless special circumstances establish that the relevance of the evidence is "sufficiently compelling to survive the balancing test of Fed.R.Evid. 403." *United States v. Lewis,* 40 F.3d 1325, 1342–1343 (1st Cir. 1994); *United States v. Tavares,* 21 F.3d 1, 5 (1st Cir.1994). Fed. Evid. 403 states that: "[e]vidence may be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice ..." *Tavares,* 21 F.3d at 5.

■ The Court recognizes that there is a legitimate issue as to whether Defendants' prior convictions are admissible because their probative value outweighs the danger of unfair prejudice to Defendants. However, that is not the issue that Defendants' Motions to Strike Surplusage brings before this Court. Said Motion requests that this Court strike the Governments' reference in the Superseding indictment to the type of previous offense committed by Defendants and the sentence imposed as well as the repetition of the following phrase in the second paragraph of each of the 18 U.S.C. § 922(g)(1) counts, which state that: "... defendant ... committed the above mentioned firearm offense after having been convicted and sentenced to a crime punishable by imprisonment for a term exceeding one (1) year." Defendants contend that said statements are prejudicial and irrelevant. The Government disagrees.

Defendants' prior convictions may be relevant [1] to the case at hand and could be admissible if the Government satisfies Fed. R.Evid. 403's standard. However, there seems no relevant purpose for including the above mentioned statements in the Superseding Indictment.[2] The Court agrees that said statements are inflammatory and prejudicial to Defendants and if presented to the jury could color the jury's perception of Defendants' character. As such, this Court holds that the Governments' reference to the type of previous offense committed by Defendants and the sentence imposed as well as the repetition of the following phrase in the second para-

---

[1]. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401; *United States v. Fahey,* 769 F.2d 829, 840–841 (1st Cir.1985).

[2]. *See United States v. Cowden,* 545 F.2d 257, 268 (1st Cir.1976).

graph of each of the 18 U.S.C. § 922(g)(1) counts: "... defendant ... committed the above mentioned firearm offense after having been convicted and sentenced to a crime punishable by imprisonment for a term exceeding one (1) year" are to be stricken from the Government's Superseding Indictment. Thus, the second paragraph of each of the counts shall be stricken because said paragraphs constitute prejudicial surplusage.

Nonetheless, our holding today does not signify that Defendants' prior convictions are inadmissable. Said determination shall be made at the appropriate time taking into consideration our Circuit's holding in *Tavares*[3] and *Lewis*[4] as well as the standard set forth in Fed.R.Evid. 403.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Strike Surplusage. (Docket No. 176).

IT IS SO ORDERED.

---

3. *United States v. Tavares*, 21 F.3d 1 (1st Cir. 1994)

4. *United States v. Lewis*, 40 F.3d 1325 (1st Cir.1994)