**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 06-2475

UNITED STATES OF AMERICA,

Appellee,

v.

LARRY DEAN ALEXANDER,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, U.S. District Judge]

Before

Howard, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Siler,[*] <u>Senior Circuit Judge</u>.

Margaret D. McGaughey, Appellate Chief, United States Attorney, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.

Edward C. Spaight, with whom Marvin H. Glazier, was on brief for appellant.

February 5, 2008

---

[*]Of the Sixth Circuit, sitting by designation.

**SILER**, <u>Senior Circuit Judge</u>.  In 2005, Appellant Larry Dean Alexander was convicted of three counts of possession of an unregistered sawed-off shotgun.[1]  Following his trial, Alexander made several motions for a mistrial or new trial, all of which the district court denied as untimely.  Alexander now appeals his conviction, arguing that there was insufficient evidence to sustain the conviction and that the district court erred in denying his motions for a mistrial or new trial.

For the following reasons, we AFFIRM.

I.

In December 2003, law enforcement officers arrested Marc Wallace for possession of a sawed-off shotgun.  Wallace claimed that Alexander sold him the shotgun in late November 2003.  However, the accounts of how Alexander sold the weapon to Wallace varied among the witnesses called at Alexander's trial.

Wallace testified Alexander handed Wallace the shotgun at the entrance to Wallace's home, and Wallace then gave Alexander fifty dollars in exchange for the shotgun.  Wallace did not testify that Alexander covered or wrapped the shotgun in any way; rather, he testified that he examined the shotgun prior to its purchase.  He

---

[1]One count was for possession of the unregistered weapon in violation of 26 U.S.C. §§ 5861(d) and 5871; another count was for possession by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and a third count charged possession after conviction of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9).

further testified that when Alexander initially contacted him about the gun, Alexander told him that the gun was "messed up" and that the handle of the weapon was cut.

Kelly Ross, Wallace's girlfriend, also testified that the sale took place outside of Wallace's home. She testified that she saw Alexander reach into the trunk of his car, remove the shotgun, which was wrapped in a blanket, and hand the wrapped shotgun to Wallace. Ross explained that she did not see the shotgun inside the blanket. She further testified that Alexander explained that the barrel of the shotgun was shortened, but he insisted the shotgun was of legal size.

Alcohol Tobacco and Firearms agent Brent McSweyn testified that after Wallace's arrest, he examined the shotgun and determined that the barrel was shorter than the legal length.

After Alexander was convicted on all counts, the district court granted Alexander's request for new counsel. Alexander later wrote the district court that he "would like to have a motion to challenge the Jury's verdict," and asserted that witnesses proffered false testimony during trial. Alexander's new counsel moved pursuant to Fed. R. Crim. P. 33, seeking a new trial, and argued that he was renewing the motion for a new trial that Alexander made by letter. The district court, however, noted that Alexander did not formally docket the letter with the court, and thus denied Alexander's "renewed motion" as untimely. At no time

during the trial did Alexander move for judgment of acquittal pursuant to Fed. R. Crim. P. 29.

## II.

If Alexander did not properly preserve his objection, then we "can provide relief on a sufficiency challenge only if the verdict threatens to work a clear and gross injustice." United States v. Gobbi, 471 F.3d 302, 309 (1st Cir. 2006) (citing United States v. Maldonado-Garcia, 446 F.3d 227, 230 (1st Cir. 2006), and United States v. Hadfield, 918 F.2d 987, 996 (1st Cir. 1990)). Additionally, we do not evaluate witness credibility; all credibility issues are resolved "in favor of the verdict." United States v. Andujar, 49 F.3d 16, 20 (1st Cir. 1995) (citing United States v. Garcia, 983 F.2d 1160, 1164 (1st Cir. 1993)).

We review a district court's denial of a motion for a new trial under Fed. R. Crim. P. 33 for a "manifest abuse of discretion." United States v. Diaz, 300 F.3d 66, 78 (1st Cir. 2002) (quoting United States v. Gonzalez-Gonzalez, 258 F.3d 16, 20 (1st Cir. 2001)).

## III.

To satisfy the statutes, "possession" of a weapon may be "either actual or constructive, sole or joint." United States v. Wight, 968 F.2d 1393, 1397 (1st Cir. 1992) (citations omitted). "In order to show constructive possession, the government must

prove that the defendant 'had dominion and control over the area where the contraband was found.'" Id. (quoting United States v. Barnes, 890 F.2d 545, 549 (1st Cir. 1989), and citing United States v. Vargas, 945 F.2d 426, 428 (1st Cir. 1991), and United States v. Lochan, 674 F.2d 960, 966 (1st Cir. 1982)).

There was sufficient evidence to prove that Alexander was in possession of the shotgun. Both Wallace and Ross testified that Alexander removed the shotgun from Alexander's car and then handed the shotgun to Wallace.

IV.

On the question of knowledge, a defendant need not know every characteristic of the weapon that subjects the weapon to regulation. United States v. DeBartolo, 482 F.2d 312, 316 (1st Cir. 1973). It is enough for the government to prove that the defendant "knows that he is dealing with a dangerous device of such type as would alert one to the likelihood of regulation." Id. A defendant can no more escape liability for failing to inspect the length of a shotgun's barrel than if he failed to inquire as to whether the weapon is registered. Id. at 317.

Although Alexander contends there was no proof that he knew the shotgun was sawed off, there is sufficient evidence to dispute his contention. First, Alexander told Wallace that the gun was "messed up." Further, Ross testified that Alexander told them the barrel of the weapon was shortened. Finally, the government need

-5-

not have proved that Alexander knew every characteristic of the shotgun, but merely that he was in possession of the shotgun, and thus had a duty to inspect the size of the barrel.  Id.

V.

The district court did not err in denying Alexander's motion for a new trial, and this court does not have the authority to grant Alexander a new trial.  See Diaz, 300 F.3d at 78.  The district court held that Alexander did not timely file his motions. There is nothing in the record before us to suggest, nor does Alexander make a compelling argument, that the district court abused its discretion in finding the motions were untimely.

AFFIRMED.